**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ali Agllah ALBWUL, Defendant–**
**Appellant.**

No. 09–55292.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2010.*

Filed Dec. 14, 2010.

Judith Heinz, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Michael J. Raphael, Esquire, Assistant U.S. Attorney, Office of the U.S. Attorney Los Angeles, CA, for Defendant–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, CLIFTON, and BEA, Circuit Judges.

### MEMORANDUM [**]

Ali Agllah Albwul ("Albwul"), a native and citizen of Jordan, appeals the district court's denial of his motion to vacate, set aside, or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. Because Albwul was removed from the United States to Jordan on May 13, 2010, he is no longer "in federal custody" and his § 2255 motion is moot.

"Immigrants who have already been removed . . . do not satisfy the 'in custody' requirement of habeas corpus jurisdiction." *Miranda v. Reno,* 238 F.3d 1156, 1159 (9th Cir.2001). But if an alien files a habeas petition *prior* to his removal from the United States, his subsequent removal does not moot the case if there are "collateral consequences arising from the deportation that create concrete legal disadvantages." *Zegarra–Gomez v. INS,* 314 F.3d 1124, 1125 (9th Cir.2003). Still, "where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Abdala v. INS,* 488 F.3d 1061, 1064 (9th Cir.2007).

Though Albwul filed his § 2255 habeas petition prior to his removal to Jordan, the relief he seeks-rescission of a stipulated judicial order of removal—would not redress the collateral consequences of his deportation. His convictions on two controlled substance—related felonies render him permanently inadmissible to the United States. 8 U.S.C. § 1182(a)(2)(A)(i)(II). Albwul also admitted to entering into a fraudulent marriage to obtain permanent resident status, rendering him inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(6)(C)(i). Because Albwul is permanently barred from the United States on holly separate grounds, rescission of the stipulated order of removal cannot meaningfully affect his admissibility and hence cannot serve as a collateral consequence that would prevent mootness.

We therefore DISMISS the appeal of the denial of Albwul's 28 U.S.C. § 2255 motion as moot.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).